[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 23-10805

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICKEY PUBIEN,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:06-cr-60350-JIC-3

————————————————

Before WILSON, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Mickey Pubien, proceeding *pro se*, appeals the district court's denial of his motion for reconsideration as to the court's previous denial of his motion for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 ("First Step Act").  The government, in turn, has moved for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969).

We review a district court's denial of a motion for reconsideration for an abuse of discretion.  *United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018).  A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous.  *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).  Whether a court complied with a mandate is an issue of law that we review *de novo*.  *See Cambridge Univ. Press v. Albert*, 906 F.3d 1290, 1298 (11th Cir. 2018) (reviewing the district court's

interpretation and application of this Court's mandate in an earlier appeal).

Under the law of the case doctrine, an appellate court's findings of fact and conclusions of law are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal. *This That & the Other Gift & Tobacco, Inc. v. Cobb Cty.*, 439 F.3d 1275, 1283 (11th Cir. 2006). The mandate rule, which is a specific application of the law of the case, binds a lower court to execute the mandate of the higher court without examination or variance. *Albert*, 906 F.3d at 1299. A court "may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate." *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985). There are only three exceptions to the mandate rule: "(1) the evidence on a subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of the law applicable to the issue, or (3) the previous decision was clearly erroneous and would work a manifest injustice." *United States v. Stein*, 964 F.3d 1313, 1323 (11th Cir. 2020) (quotation marks omitted).

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. § 841(b)(1) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; *see Dorsey v. United States*, 567 U.S. 260, 268-69 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack and powder

cocaine offenses was disproportional and reflected race-based differences).  Specifically, § 2(a)(1) raised the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum sentence from 50 to 280 grams, and § 2(a)(2) raised the quantity threshold to trigger a 5-year mandatory minimum from 5 grams to 28 grams.  Fair Sentencing Act § 2(a)(1)-(2); 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).  These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act.  *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which made retroactive for "covered offenses" the statutory penalties enacted under the Fair Sentencing Act.  *See* First Step Act § 404.  Under § 404(b) of the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  *Id*. § 404(b).  The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010."  *Id*. § 404(a).  We have explained that crack-cocaine offenses are "covered offenses" because the Fair Sentencing Act modified their penalties, while powder-cocaine offenses are not "covered offenses."  *United States v. Files*, 63 F.4th 920, 922 (11th Cir. 2023).  The First Step Act adds that "[n]o court shall entertain a motion" under § 404 for a sentence that "was previously imposed or previously reduced in accordance with" sections 2 and 3 of the Fair Sentencing Act, or "if a previous motion made under this

section . . . was . . . denied after a complete review of the motion on the merits." *Id*. § 404(c).

In *Denson*, we, as our main holding, concluded "that the First Step Act does not require district courts to hold a hearing with the defendant present before ruling on a defendant's motion for a reduced sentence under the Act." 963 F.3d at 1082. As an alternate and independent holding, we concluded that a sentencing modification under the First Step Act is not a critical stage in the proceedings under the two-part test in *United States v. Brown*, 879 F.3d 1231 (11th Cir. 2018), contrary to Denson's arguments on appeal. *Id*. at 1088-89. We concluded that the First Step Act does not authorize a plenary resentencing and instead "is a limited remedy." *Id*. at 1089. In so concluding, we reasoned that a district court may "reduce a defendant's sentence only on a covered offense and only as if sections 2 and 3 of the Fair Sentencing Act were in effect when he committed the covered offense." *Id*. (quotation marks omitted). We also reasoned that a district court is not free to: (1) recalculate the defendant's original Guidelines calculations unaffected by sections 2 and 3; (2) reduce the defendant's sentence on the covered offense based on other changes in the law; or (3) reduce the defendant's sentences on non-covered offenses. *Id*. We also referenced the idea that a § 404(b) motion was a § 3582(c)(1)(B) proceeding. *Id*. at 1088.

Under the prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme

Court or this court sitting *en banc*." *United States v. Dudley*, 5 F.4th 1249, 1265 (11th Cir. 2021) (quotation marks omitted). However, the "prior panel precedent rule applies only to holdings, not *dicta* in our prior opinions." *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019) (quotation marks omitted, emphasis added). "The holding of a case comprises both the result of the case and those portions of the opinion necessary to that result." *Id*. (quotation marks omitted). No matter what an opinion says, "the decision can hold nothing beyond the facts of that case." *Id*. (quotation marks omitted). On the other hand, "*dicta* is a statement that neither constitutes the holding of a case, nor arises from a part of the opinion that is necessary to the holding of the case." *Id*. (quotation marks omitted, emphasis added). In other words, "*dicta* is defined as those portions of an opinion that are not necessary to deciding the case then before us." *Id*. (quotation marks omitted, emphasis added). Further, "in this circuit additional or alternative holdings are not *dicta*, but instead are as binding as solitary holdings." *Bravo v. United States*, 532 F.3d 1154, 1162 (11th Cir. 2008) (emphasis added).

In *Files*, we clarified that *Denson*'s determination that a district court may reduce a defendant's sentence under § 404(b) only on a "covered offense" and may not change the defendant's sentences on counts that are not "covered offenses" was a holding and that this holding was not overruled or undermined to the point of abrogation by *Concepcion*. *Files*, 63 F.4th at 930-31.

Here, we grant summary affirmance as to the district court's denial of Pubien's motion for reconsideration. The court properly

determined that it was bound by the mandate rule, as Pubien's motion sought to revisit issues that we had previously decided. Moreover, despite Pubien's erroneous assertion to the contrary, *Concepcion* did not abrogate *Denson*'s holding that a court may not change a defendant's sentence on counts that are not "covered offenses," and therefore no exception to the mandate rule applied.

Accordingly, we GRANT the government's motion for summary affirmance.

**AFFIRMED.**